LIGHTNER *v.* PRENTIS.

APPEAL AND ERROR—PARTIES ENTITLED TO APPEAL—JUDGMENTS
—CONCLUSIVENESS AS TO PRIVIES.

In proceedings for a writ of assistance to obtain possession of
real property sold under a decree in chancery, a claimant of
title not a party to the suit must show that his title was de-
rived from a different source than the parties to this suit or
that it was obtained prior to the filing of the *lis pendens*, in
order to appeal under Act No. 340, Pub. Acts 1907.

Appeal from Wayne; Murphy, J. Submitted June
10, 1909. (Docket No. 35.) Decided July 15, 1909.

Petition by Clarence A. Lightner against John F.
Prentis, James T. Keena, trustee, and Lawrence Richard
for a writ of assistance. From an order granting the
writ, Browse T. Prentis, claiming ownership, appeals.
Affirmed.

*Keena, Lightner & Oxtoby*, for complainant.

*Browse T. Prentis, in pro. per.*

GRANT, J. After the decision in this case by this
court (*Chapoton* v. *Prentis*, 144 Mich. 283 [107 N. W.
879]), the case was remanded to the court below for fur-
ther proceedings in accordance with that opinion. The
defendant John F. Prentis did not comply with that de-
cree, and the case proceeded to a decree of sale thereun-
der, and Clarence A. Lightner became the purchaser at
said sale. The sale was duly reported to the court, was
confirmed, and a commissioner's deed duly executed and
delivered to Mr. Lightner on March 5, 1908, and duly re-
corded. On May 8, 1908, Mr. Lightner caused a demand
for the possession of said premises to be made upon one
Lawrence Richard, who was then in possession of the

premises.  Mr. Richard refused to surrender possession, claiming that he was a tenant of Browse T. Prentis. Thereupon Mr. Lightner filed a petition for the writ of assistance against Mr. Richard, and, on October 26, 1908, the circuit court in chancery entered an order that the writ of assistance issue.  From that order Browse T. Prentis, who now claims to own the premises, claims to have appealed.  The record does not show any claim of appeal, or bond upon appeal, or any proceeding looking to an appeal.  The record contains: The petition of Mr. Lightner setting forth the transactions since the former decree of this court; the affidavit of one Brown who made the demand upon Mr. Richard in behalf of Mr. Lightner; an affidavit of Browse T. Prentis that he is the present owner of the land, and that Mr. Richard is his tenant, and that he has filed a bill in the circuit court in chancery attacking the validity of Mr. Lightner's title and asserting his own; the affidavit of Mr. Richard that he is the tenant of Mr. Prentis, and claims no other rights therein, and denying that Mr. Brown exhibited to him a deed of the premises or an order of the court, and that he did not demand possession; a transcript of the case, signed by Judge Murphy, reciting that the petition for the writ of assistance came on to be heard October 26, 1908, that Browse T. Prentis appeared for Mr. Richard for the purpose of making an objection, and that Prentis further stated that if he had the right to appear for anyone else he did so appear, that certain affidavits were read and order made, and a copy of said order.  But the record shows no appeal to this court.  Mr. Lightner, however, has treated the case as though an appeal were duly taken.

When the original suit was commenced by Mr. Chapoton, a *lis pendens* was recorded in the office of the register of deeds on March 31, 1902.  The connection of Mr. Browse T. Prentis, the present alleged owner and appellant, with the case, fully appears in the opinion in 144 Mich. 283 (107 N. W. 879).  It appears by that suit that when it was begun the title was in John F. Prentis, the

brother of the appellant. That decree, the sale, and the deed thereunder are binding upon the then owner and all those who subsequently obtained an interest in the property. Mr. Prentis does not claim that he obtained any title or interest in the property prior to the institution of that suit. He was not in possession. If as a party interested he was entitled to take an appeal, though not a party to the suit, under Act No. 340, Pub. Acts 1907, it was his duty to show that his title was not acquired after this litigation began, or that he had a title independent from that of the parties to the litigation. Otherwise a party desiring to prolong litigation might obtain a title or interest from a party to the suit and then claim an appeal.

The decree and sale were binding upon the parties and their privies. Mr. Prentis should have shown that he was not a privy. Not having done so, he is clearly not entitled to appeal from the order allowing a writ of assistance.

The order is affirmed, with costs.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.